## MOTOR WHEEL CORPORATION v. DODSON.

Circuit Court of Appeals, Fifth Circuit.
December 20, 1927.

No. 5122.

1. **Master and servant** ⬤⇒286(10)—**Employer's negligence in using machine without safety device to prevent throwing of block of wood held for jury.**

In an action for death of an employee, where defendant used a machine known to be dangerous, from which it left off a safety device provided by the manufacturer, and deceased was killed by a block of wood thrown from the machine which the device was designed to prevent, plaintiff was entitled to recover if the omission caused the injury or if defendant was otherwise negligent in failing to make the machine reasonably safe, which were questions for the jury.

2. **Master and servant** ⬤⇒226(1)—**Employee does not assume risks attributable in whole or part to employer's negligence (Hemingway's Code Miss. 1927, § 518).**

Under Hemingway's Code Miss. 1927, § 518, an employee does not assume risks of his employment attributable in whole or in part to the employer's negligence.

3. **Death** ⬤⇒60—**Damages for death being limited to benefit of decedent's estate, excluding proof of widow's remarriage held proper.**

Where damages for death sued for and recoverable under court's charge were for benefit of decedent's estate, and measure of damages was so limited both by declaration and court's charge as not to allow recovery for benefit of widow or children, refusing to allow proof of widow's remarriage *held* not error.

In Error to the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by Mrs. Fern Dodson, administratrix of the estate of A. D. Dodson, deceased, against the Motor Wheel Corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

George T. Mitchell and Charles S. Mitchell, both of Tupelo, Miss., for plaintiff in error.

W. A. Blair, C. R. Bolton, and Noel Monaghan, all of Tupelo, Miss., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action for an injury which caused the death of A. B. Dodson while he was employed at the mill of the defendant Motor Wheel Corporation. It was brought by Dodson's widow as administratrix, and only claims damages to his estate, although damages sustained by the widow and children are recoverable under the Mississippi statute. Hemingway's Code of 1927, § 515.

The action was based on defendant's negligence in failing to furnish a reasonably safe place and machinery for its employees. The defenses were that defendant was not guilty of the negligence charged, and that Dodson assumed the risk of his employment. There was a verdict and judgment for plaintiff.

The defendant maintained a mill for the manufacture of billets to be used as spokes in automobile wheels. In the mill was a machine which contained several saws used for the purpose of ripping hickory boards into billets. There was furnished with the machine by the manufacturer a steel flap or guard which would be elevated to permit the boards to enter the machine and then would fall down and close the opening after the manner of a trapdoor, thus preventing the boards from being kicked back by the ripsaw. This flap or guard was taken off of the machine by the mechanic who installed it in the mill. Wooden slats were placed between the saws for the purpose of preventing billets of wood from going out of the top of the machine. It was undisputed that the machine sometimes threw out pieces of timber, and that this was known by the manager of the mill, and also by Dodson, who had been working with it for a short time. Dodson was killed by being struck in the head by a piece of timber which he had just fed into the machine. The opening which the flaps or guards protected was waist-high, and timber kicked back through it would therefore not come out as high as a man's head. But there was testimony for plaintiff to the effect that Dodson was stooping over and raking up sawdust at the time he was killed. The defendant attempted to show that the piece of timber which killed Dodson came out over the top of the machine.

At the conclusion of the evidence, the court refused defendant's request for a directed verdict, and charged the jury that plaintiff was entitled to recover if defendant failed to exercise reasonable care to furnish safe machinery and a safe place to work, that it made no difference whether the billet came out of the machine at the place where it entered or over the top, if reasonable care required the machine to be guarded, and it was not guarded, but that, if the billet came out over the top of the machine as the result of a mere accident which would not have been anticipated in the exercise of reasonable care, a verdict

should be rendered for defendant. The court further charged the jury that Dodson did not assume the risk of his employment if death resulted in whole or in part from defendant's negligence. In the course of the trial the court refused to allow defendant to prove that plaintiff had been married after Dodson's death, but charged the jury in that connection that the damages recoverable were limited to such as had been sustained by the estate of the decedent. These rulings are assigned as error.

[1] It is settled beyond dispute that the machinery at which Dodson worked was dangerous to the knowledge of defendant, and was made so by taking off the flaps or guards which came with it from the manufacturer. It was within the province of the jury to say whether the overhead slats were made reasonably safe. The trial court was therefore correct in stating that it could not make any difference whether the billet which caused the fatal injury came out of the machine through the opening by which it entered or over the top.

[2] The charges as to the reasonable care which the law requires of an employer were unexceptionable. The employee assumed the ordinary risks of employment, but, notwithstanding his knowledge of danger, under the Mississippi statute the doctrine of assumption of risk does not apply to risks of employment that are attributable, in whole or in part, to the employer's negligence. Hemingway's Code 1927, § 518.

[3] The damages sued for and recoverable under the court's charge were for the benefit of Dodson's estate. The measure of damages was so limited, both by the declaration and the court's charge, as not to allow recovery for the benefit of plaintiff or her children. It follows that there was no error in refusing to allow proof of plaintiff's remarriage.

The judgment is affirmed.